# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Steven M. Rennick, Sr.,
    Plaintiff

vs

Kenneth L. Lawson, II, et. al.,
    Defendants

Case No. 1:06cv0593
(Beckwith, J; Hogan, M.J.)

**ORDER**

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motions for Default Judgment (Docs. 16, 18, 20).

On January 16, 2007, Plaintiff filed an Amended Complaint (Doc. 12) which added "Kenneth L. Lawson, Attorney" and "Lawson and Associates" as Defendants to the case. The record reflects that the Clerk issued summonses to Lawson & Associates, L.P.A. and Kenneth L. Lawson, Attorney on March 9, 2007. (Doc. 14). Summonses on Kenneth L. Lawson, L.P.A. and Kenneth L. Lawson, Attorney were returned executed on March 13, 2007. (Doc. 15). On April 12, 2007, May 25, 2007, and June 27, 2007, Plaintiff filed motions for default judgment (Docs. 16, 18 & 20) against Defendants Kenneth L. Lawson, Attorney and Kenneth L. Lawson & Associates, L.P.A. for failure to answer or otherwise respond to the amended complaint. On November 7, 2007, Entry of Default was entered against Defendants Kenneth L. Lawson, Attorney and Kenneth L. Lawson & Associates, L.P.A. (Doc. 37).

The procedure governing the entry of default and default judgment is set forth in Fed. R. Civ. P. 55, which provides in pertinent part:

    a)    Entry. When a party against whom a judgment for affirmative

relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

(b)     Judgment. Judgment by default may be entered as follows: (1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and if he is not an infant or incompetent person. (2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

While default judgments may generally be disfavored when compared with the Court's interest in resolving a case on the merits, "[d]efault procedures, of course, provide a useful remedy when a litigant is confronted by an obstructionist adversary." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). *See also D'Orange v. Feely*, 101 F.3d 1393 (unpubl.), 1996 WL 446254, at *2-4 (2d Cir. Aug. 8, 1996)(district court's entry of default judgment after hearing on amount of damages upheld where Defendant attorney failed to timely answer, failed to cooperate in discovery and failed to attend hearing on motion for default judgment); *Comdyne I, Inc. v Corbin*, 908 F.2d 1142, 1146-47(3d Cir. 1990)(district court's entry of default judgment upheld on appeal where Defendant failed to answer amended

2

complaint, repeatedly failed to comply with court's discovery orders and orders imposing sanctions, and failed to participate in hearing on appropriate amount of damages after default judgment was granted as to liability).

After a default or default judgment has been entered, Fed. R. Civ. P. 55(c) grants the litigant the right to petition the Court to set aside either the default or the judgment. The decision whether to set aside an entry of default or default judgment is within the Court's discretion. *INVST Financial group v. Chem-Nuclear Systems*, 815 F.2d 391, 398 (6th Cir. 1987); *Johnson v. City of Detroit*, 892 F.2d 79 (unpubl.), 1989 WL 153550, at *2 (6th Cir. Dec. 20, 1989); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). The Court's exercise of its discretion should be based on its assessment of the circumstances and facts of the case and the credibility and good faith of the parties. *Enron*, 10 F.3d at 95. An entry of default may be set aside for good cause shown whereas a default judgment may be set aside only as provided for in Fed. R. Civ. P. 60(b). Fed. R. Civ. P. 55(c). In addition, the Court must consider three factors in determining whether to set aside the default entry or judgment under either Fed. R. Civ. P. 55 or 60: (1) whether the Plaintiff will be prejudiced; (2) whether the Defendant has a meritorious defense; and (3) whether culpable conduct of the Defendant led to the default. *INVST*, 815 F.2d at 398; *Shepard Claims Service, Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 192.

In the present case, it appears that Plaintiff's Motion for Default Judgment under Fed. R. Civ. P. 55(b)(2), is well-taken[1]. While Plaintiff has asked for an award in the amount of $3,795,000.00, Plaintiff has submitted sufficient evidence with respect to $80,000.00, which he paid to Defendant for legal services. (*See* Doc. 34, Exs. 1 & 2, Affidavits of Anthony Battle & Kent Bradshaw, attached). Moreover, the Court is satisfied that Defendants are neither infants nor incompetent persons. (*See* Doc. 20, Rennick Affidavit, attached). However, we find Plaintiff's representations with respect to the damages resulting from the loss of his semi tractor, as well as the resulting loss of revenue, to be speculative, at best. Thus, we find that Plaintiff is entitled to $80,000 in compensatory damages. Plaintiff also seeks court costs in the present matter. While Plaintiff was granted IFP status, we find that such status does not preclude an award of costs against Defendants in favor of Plaintiff. *See* 28 U.S.C. § 1915(f)(1); *see also Tucker v. Branker*, 142 F.2d 1294 (D.C. Cir. 1998). Therefore,

---

[1] Plaintiff's claim against Defendants is not a claim for a sum certain as Plaintiff is asking for compensatory and punitive damages. *See* Fed. R. Civ. P. 55(b)(2); *Dailey v. R&J Commercial* Contracting, No. C2-01-403, 2002 WL 484988 at *3 (S.D.Ohio Apr. 27, 1999).

3

we find an award of costs in the amount of $350.00 to be appropriate.

Lastly, Plaintiff requests punitive damages. Under Ohio law, punitive damages are appropriate when a defendant acts with "a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm." *Preston v. Murty*, 512 N.E.2d 1174, 1176 (Ohio 1987). We think Plaintiff has established an entitlement to punitive damages. The conduct on the part of Defendant as evidenced by Plaintiff's exhibits and affidavits lead this Court to believe that Defendant acted with such a "conscious disregard" for Plaintiff's rights. (*See* Doc. 41, Rennick Affidavit, Exs. 2, 6, 8, attached). According to Plaintiff, Defendants were hired to file a direct appeal of Plaintiff's criminal conviction. Defendant Lawson filed motions to reconsider and to withdraw the guilty plea, but filed no direct appeal. Instead, the evidence shows that Defendant dodged questions pertaining to the status of Plaintiff's appeal, repeatedly cancelled appointments with Plaintiff, all the while demanding, and receiving, significant payments from Plaintiff. When questioned by Plaintiff and his relatives as to the progress on Plaintiff's case, Defendant Lawson responded in a belligerent, hostile, and highly unprofessional manner. Such conduct on the part of an officer of the court is unacceptable and indicative of a conscious disregard for Plaintiff's rights. However, we must also consider the purpose to be served by an award of punitive damages, which is to punish wrongdoing and to deter similar misconduct. *Williams v. Aetna Financial Co.*, 700 N.E.2d 859, 871 (Ohio 1998). While Defendant Lawson failed to provide the legal services for which he was paid by Plaintiff, the fact remains that there was no guarantee of success had such an appeal been filed by Defendants. Indeed, Plaintiff, once he realized that no appeal had been filed on his behalf, filed a motion pursuant to 28 U.S.C. § 2255 seeking reinstatement of his appeal rights. The motion was granted in part by the district court which vacated and reimposed Plaintiff's sentence to allow him the opportunity to directly appeal his sentence. *See U.S. v. Rennick*, No. 06-3186, slip op. at 3 (6th Cir. March 12, 2007)(per curiam). Moreover, the Supreme Court of Ohio's has subsequently suspended Defendant Lawson's license to practice law. Thus, it would seem that a significant award of punitive damages is not necessary to deter similar and future misconduct. For the reasons stated above, we find that an award of $10,000 in punitive damages is appropriate and should be awarded to Plaintiff.

4

## IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's Motions for Default Judgment (Docs. 16, 18, 20) pursuant to Fed. R. Civ. P. 55(b)(2) be **GRANTED** and Plaintiff be awarded judgment in the amount of $ 80,000.00 for compensatory damages, $10,000 in punitive damages and $350 in court costs.

The Clerk of Courts is directed to send a copy of this Report and Recommendation to the Defendants by certified mail.

Date: 12/14/07

Timothy S. Hogan
United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING THE FILING
## OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FIFTEEN (15) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

J:\SMITHLE\DEFAULT\rennick.default.wpd

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Steven M. Rennick, Jr.<br>04054-032<br>Federal Medical Center<br>PO Box 14500<br>Lexington, KY 40512 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☑ Certified Mail   ☐ Express Mail<br>☐ Registered      ☐ Return Receipt for Merchandise<br>☐ Insured Mail    ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number (Transfer from service label) | 7007 1490 0001 0562 6554 |

PS Form 3811, August 2001   Domestic Return Receipt   102595-01-M-2509

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Kenneth L. Lawson, II<br>1008 Race St.<br>2nd Floor<br>Cinti, OH 45202 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☑ Certified Mail   ☐ Express Mail<br>☐ Registered      ☐ Return Receipt for Merchandise<br>☐ Insured Mail    ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number (Transfer from service label) | 7007 1490 0001 0562 6561 |

PS Form 3811, August 2001   Domestic Return Receipt   102595-01-M-2509

1:06cv543  Doc. 44