IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Steven M. Rennick, Sr.,           )
                                  )
            Plaintiff,            ) Case No. 1:06-CV-593
                                  )
    vs.                           )
                                  )
Kenneth L. Lawson II, et al.,     )
                                  )
                                  )
            Defendants.           )

O R D E R

This matter is before the Court on Plaintiff Steven M. Rennick, Sr.'s objections to Magistrate Judge Hogan's Report and Recommendation of December 16, 2007 (Doc. No. 44).  For the reasons that follow, Plaintiff's objections to the Report and Recommendation are **OVERRULED**; the Court **ADOPTS** Magistrate Judge Hogan's Report and Recommendation; Plaintiff's motions for default judgment against Defendants Kenneth L. Lawson, Attorney and Lawson & Associates, L.P.A. (Doc. Nos. 16, 18, 20) are well-taken and are **GRANTED.**

Plaintiff, proceeding pro se, filed a complaint for "negligence, indifference, deceit, misrepresentation, fraud, and malpractice" against Defendant Kenneth L. Lawson and Lawson & Associates, L.P.A. (collectively referred to in this order as "Defendant" or "Defendant Lawson") arising out of the Defendant's

legal representation of Plaintiff in a criminal appeal.  The procedural history of this case from that point is spelled out in detail in the Court's order of November 7, 2007 (Doc. No. 36).  Suffice it to say for present purposes that the case proceeded to an evidentiary hearing on Plaintiff's motions for default judgment before Magistrate Judge Hogan on December 13, 2007.

After receiving Plaintiff's evidence, Judge Hogan determined that Plaintiff had suffered damages of $80,000 based on legal fees he paid to the Defendant.  Judge Hogan also found that Plaintiff incurred costs of $350.00.  Regarding Plaintiff's claim for punitive damages, Judge Hogan found that Defendant Lawson acted with conscious disregard for Plaintiff's rights.  In that vein, Judge Hogan noted that Defendant Lawson failed to perfect Plaintiff's appeal, willfully failed to communicate with Plaintiff concerning the status of his appeal, and responded to inquiries in a belligerent, hostile, and unprofessional manner.  Judge Hogan found that Defendant Lawson engaged in this conduct despite demanding, and receiving, payment of substantial legal fees from the Plaintiff.  Judge Hogan stated further that the purpose of punitive damages is to punish wrongdoing and to deter others from engaging in similar conduct.  Judge Hogan then noted that Defendant Lawson has been suspended from the practice of law by the Supreme Court of Ohio and, as a consequence, indicated that he believed that a significant award of punitive damages is

not necessary to deter similar misconduct.  Therefore, although Plaintiff demanded some $3.7 million in punitive damages, Judge Hogan recommended an award of $10,000 in punitive damages.  Judge Hogan recommended a total award of $90,350.00 be granted to Plaintiff.

Plaintiff now objects to that part of the Report and Recommendation awarding him damages.  Plaintiff does not appear to object to the compensatory damage award recommended by Judge Hogan.  Rather, Plaintiff's objections focus on the amount of punitive damages recommended by Judge Hogan.  Plaintiff argues that the award suggested by Judge Hogan is unjust considering the hardships he has suffered as a result of the Defendant's failure to properly handle his legal affairs.  Plaintiff recognizes that he is unlikely to recover the amount of damages recommended by Judge Hogan, but wants the Court to impose a larger amount of punitive damages to make a statement to others.

This Court reviews <u>de novo</u> a magistrate judge's report and recommendation on a dispositive matter such as the damages to be awarded the prevailing party. Fed. R. Civ. P. 72(b); <u>Callier v. Gray</u>, 167 F.3d 977, 981 (6th Cir. 1999).

While the Court is not unsympathetic to Plaintiff's position, Judge Hogan's recommendation on punitive damages was appropriate in this case.  Judge Hogan properly recognized that the purpose of punitive damages is to punish the offender and to

3

deter others from engaging in similar conduct.  <u>Moskovitz v. Mt. Sinai Med. Ctr.</u>, 635 N.E.2d 331, 343 (Ohio 1994).  Moreover, under Ohio law, an award of punitive damages must be in some proportion to the defendant's wealth:

> The focus of the award should be the defendant, and the consideration should be what it will take to bring about the twin aims of punishment and deterrence as to that defendant.  We do not require, or invite, financial ruination of a defendant that is liable for punitive damages.  While certainly a higher award will always yield a greater punishment and a greater deterrent, the punitive damages award should not go beyond what is necessary to achieve its goals.  The law requires an effective punishment, not a draconian one.

<u>Dardinger v. Anthem Blue Cross & Blue Shield</u>, 781 N.E.2d 121, 144 (Ohio 2002).

Here, Plaintiff recognizes that the amount of damages recommended by Magistrate Judge Hogan likely is uncollectible. The Defendant is already liable for a compensatory damage award of $80,000 and his law license has been suspended.  Judge Hogan reasonably concluded that a fairly nominal amount of punitive damages is sufficient to punish the Defendant and deter similar future conduct by the Defendant and others.  If the Defendant is not in financial ruin already, the punitive damages demanded by Plaintiff will surely have that effect.  That kind of judgment, however, is contrary to law.  The Court agrees with Judge Hogan that an award of $10,000 in punitive damages is sufficient to achieve the purposes of punishment and deterrence in this case.

Accordingly, Plaintiff's objections to the Report and Recommendation are not well-taken and are **OVERRULED.**  The Court **ADOPTS** the Report and Recommendation.  Plaintiff's motions for default judgment (Doc. Nos. 16, 18, 20) are well-taken and are **GRANTED.**  Plaintiff is **AWARDED** $80,000 in compensatory damages, $10,000 in punitive damages, and $350.00 in costs.

**IT IS SO ORDERED**


Date March 12, 2008                                s/Sandra S. Beckwith
                                                Sandra S. Beckwith, Chief Judge
                                                 United States District Court